**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000353
24-JUL-2026
07:53 AM
Dkt. 65 SO**

NO. CAAP-25-0000353

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2007-2CB,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2CB,
Plaintiff-Appellee, v.
MALLORY ASPILI LONGBOY, Defendant-Appellant,
and
EWA BY GENTRY COMMUNITY ASSOCIATION, Defendant-Appellee,
and
JOHN DOES 1-20; JANE DOES 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20;
and DOE GOVERNMENTAL UNITS 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-24-0000422)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Mallory Aspili **Longboy** appeals from the *Judgment* for The Bank of New York Mellon (**BONYM**) entered by the Circuit Court of the First Circuit.[1]  We affirm.

BONYM sued Longboy to foreclose a residential mortgage.  BONYM moved for summary judgment and an interlocutory decree of foreclosure.  The circuit court entered an order granting the motion and the Judgment.  Longboy's motion for reconsideration was denied.  This appeal followed.

---

[1]     The Honorable James H. Ashford presided.

We have reorganized Longboy's points of error. He contends (1) BONYM's incorporated records were not trustworthy; (2) BONYM did not show his note was validly endorsed; (3) there was a genuine issue of material fact about a payment Longboy made that wasn't reflected in BONYM's ledger; (4) reconsideration should have been granted based on new evidence; and (5) findings of fact nos. 5 and 11 were clearly erroneous and conclusions of law nos. 6 and 9 were wrong.

We review a grant of summary judgment de novo. Wells Fargo Bank v. Behrendt, 142 Hawaiʻi 37, 41, 414 P.3d 89, 93 (2018).

**(1)** Longboy's opposition to BONYM's motion for summary judgment did not argue BONYM's loan servicer's incorporated records lacked trustworthiness. We will not consider arguments made for the first time on appeal. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007) (stating general rule that "if a party does not raise an argument at the circuit court level, that argument will be deemed to have been waived on appeal" (brackets omitted)); Hawaii Revised Statutes (**HRS**) § 641-2(b) (2016) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner.").

At any rate, the declaration of Robert **Ortega** described BONYM's loan servicer **Shellpoint** Mortgage Servicing's process for incorporating the prior loan servicer's records. Ortega's testimony was considerably more detailed than the "scant" testimony the supreme court held sufficient to establish trustworthiness of incorporated records in U.S. Bank Tr. v.

Verhagen, 149 Hawaiʻi 315, 326, 489 P.3d 419, 430 (2021).[2]  BONYM proved the trustworthiness of Shellpoint's incorporated records.

    **(2)**  Longboy argued his note "contains a hodgepodge of endorsements [sic]" that were rubber stamps, not actual signatures.  He cited no legal authority to support his argument, which appeared to be that a name stamp can't be used to indorse a negotiable instrument.  The Hawaiʻi Uniform Commercial Code defines the words *signed*, *sign*, and *signature* as "[e]xecute or adopt a tangible symbol" and the words *writing* and *written* to include "printing, typewriting, or any other intentional reduction to tangible form." HRS § 490:1-201(b) (Supp. 2024).  Longboy's argument lacks merit.

---

[2]  Ortega's declaration stated:

> 29.  When boarding all prior servicer records, [Shellpoint] follows the following process:
>
>     a.  After receiving the preliminary boarding file from the prior servicer, [Shellpoint] performs scrubs and data checks to identify any major issues with the information provided[.]
>
>     b.  Once the final boarding file is received from the prior servicer, [Shellpoint] performs additional scrubs and data checks before boarding the loan onto the program that is used to manage and keep all loan files and records called Fusion Servicing Director.
>
>     c.  Once the portfolio is loaded onto Finastra Fusion Servicing Director, a list of data points are generated.  These data points are compared to the final boarding tape, ensuring the load was precisely what was provided by the prior servicer.
>
>     d.  Upon activation, all loans receive a [Shellpoint] welcome letter, a welcome telephone call, and an audit is performed to confirm data was transferred successfully and all loan documents are imaged.
>
> 30.  [Shellpoint] provides a checklist to the prior servicer, in which they confirm the validity of the data being provided.
>
> 31.  [Shellpoint] performs reconciliation post boarding to ensure the information boarded to the system is identical to the information provided by the prior servicer. Any items out of balance are flagged in the precheck process and either corrected or reviewed against the final data and marked as no issue.  If any of the items required system data corrections, a new reconciliation is run to verify that the issues were resolved.  As a part of the boarding process, [Shellpoint] sends out servicing transfer letters to the borrower indicating the status of their loan and providing them with contact information, as well as information on how to request validation of their debt.

**(3)** Longboy's declaration stated he sent a "$17,000 check" to Bank of America in "December 2009 which does not appear in the general ledger[.]"  He submitted a copy of a $17,300 check dated November 30, 2010, payable to Bank of America Home Loan.  Longboy's opening brief states that BONYM "never addresses the question of why the $17,000 is not in Mr. Longboy's ledger."  The statement is false.  BONYM's reply memorandum explained that Shellpoint's ledger showed the $17,300, plus an unapplied payment of $519.22, was credited to Longboy in six entries on December 6, 2010.  Longboy failed to show a genuine issue of material fact.

**(4)** Denial of a motion for reconsideration is reviewed for abuse of discretion.  <u>Amfac, Inc. v. Waikiki Beachcomber Inv. Co.</u>, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).  Longboy's motion for reconsideration argued his note "was not endorsed by an officer or director of MortgageIt!, Inc. and was therefore void."  The motion did not explain why Longboy failed to make that argument in opposition to BONYM's motion for summary judgment.  "The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion.  A motion for reconsideration is not time to relitigate old matters."  <u>Id.</u> at 114, 839 P.2d at 27 (cleaned up).  The circuit court did not abuse its discretion by denying reconsideration.

**(5)** We review findings of fact under the *clearly erroneous* standard, and conclusions of law *de novo*.  <u>Cowan v. Exclusive Resorts PBL1, LLC</u>, 156 Hawaiʻi 268, 272, 574 P.3d 288, 292 (2025).  A determination presenting mixed questions of fact and law is reviewed under the *clearly erroneous* standard because it implicates the facts and circumstances of the case.  <u>Id.</u>

The circuit court found:

> 5.  The Note was negotiated to [BONYM], and the Mortgage was subsequently assigned to [BONYM] by that Assignment of Mortgage ("Assignment") recorded in the Land Court on 03/09/2012 as Document Number T-8103274, and duly noted on TCT Number 838,080.

That finding was supported by substantial evidence in the record and was not clearly erroneous.

4

The circuit court found and concluded:

> 11.    By reason of said default, [BONYM] is entitled to foreclose upon the Property in accordance with the terms and conditions provided in the Loan Documents.

That determination was supported by substantial evidence in the record and correctly applied the law.

The circuit court concluded:

> 6.    [BONYM] was the holder of the Note, indorsed in blank, at the time the Complaint was filed.

Longboy's opposition to BONYM's motion for summary judgment didn't argue that BONYM was not the holder of his note when its complaint was filed.  The point of error is waived.

The circuit court concluded:

> 9.    [BONYM] is entitled to the entry of summary judgment and an interlocutory decree of foreclosure against all Defendants in the foreclosure action, on the grounds that no genuine issue of material fact exists, and [BONYM] is entitled to summary judgment and an interlocutory decree of foreclosure as a matter of law.

That mixed finding and conclusion was supported by substantial evidence in the record and correctly applied the law.

The circuit court's January 13, 2025 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, July 24, 2026.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant
Mallory Aspili Longboy.

Charles R. Prather,
Robin Miller,
Sun Young Park,
Jason L. Cotton,
for Plaintiff-Appellee
The Bank of New York Mellon
fka The Bank of New York as
Trustee for the Certificateholders
of CWALT, Inc.,
Alternative Loan Trust 2007-2CB,
Mortgage Pass-Through Certificates,
Series 2007-2CB.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge